UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CLEMENTE VILLEGAS BARRERA, ) | 1:08-cv-00062-LJO-TAG HC | |
| Petitioner, ) | FINDINGS AND RECOMMENDATIONS REGARDING RESPONDENT'S MOTION TO DISMISS [Doc. 13] | |
| v. ) | | |
| DEBRA DEXTER, Warden, et al., ) | ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS | |
| Respondents. ) | | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner filed the instant petition on January 2, 2008. (Doc. 1). On March 17, 2004, Petitioner was convicted in the Tulare County Superior Court of attempted premeditated murder, along with true findings regarding a host of status and conduct enhancements that resulted in a determinate sentence of eight years plus an indeterminate consecutive sentence of life with the possibility of parole plus twenty years. (Doc. 14, Lodged Documents ("LD") 3). In his petition, Petitioner raises the following issues: (1) denial of constitutional rights when given a consecutive sentence based on facts not found beyond a reasonable doubt by a jury pursuant to Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004); (2) ineffective assistance of trial counsel in

failing to investigate potential alibi witness evidence;[1] and (3) error in instructing the jury on an "acquittal first" rule and in appellate counsel's failure to raise this issue on appeal. (Id.).

In his direct appeal in state court, Petitioner raised and exhausted the Blakely issue before the California Supreme Court. (LD 4, 5). On collateral review, Petitioner raised the second and third claims in the instant petition before the California Supreme Court. (LD 9). In denying the petition, the California Supreme Court cited In re Swain, 34 Cal.2d 300, 304 (1949), and People v. Duvall, 9 Cal.4th 464, 474 (1995). (LD 10).

After the Court ordered Respondent to file an answer, Respondent, on April 3, 2008, filed the instant motion to dismiss for lack of exhaustion as to Grounds Two and Three, arguing that citations to Swain and Duvall indicate that the claims lacked sufficient specificity and that Petitioner could re-file those claims providing greater specificity, and, hence, those claims are not fully exhausted. (Doc. 13). Respondent concedes that Ground One is exhausted. (Id. at p. 4, fn. 5). On April 22, 2008, Petitioner filed his opposition, once again contending that Grounds Two and Three were exhausted because he had presented them to California Supreme Court, but requesting in the alternative that, should the Court conclude otherwise, a stay should be granted for Petitioner to exhaust those issues in state court. (Doc. 16). Respondent has not filed an opposition to Petitioner's request for a stay.

**DISCUSSION**

A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to

---

[1] Petitioner claims that his ex-sister-in-law, Juanita Flores, was prepared to provide Petitioner with an alibi, that this information was known to trial counsel, but that counsel did not pursue an investigation of Ms. Flores' potential testimony, thereby providing ineffective assistance.

exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-603 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

B. Exhaustion of State Remedies

Respondent argues that the second and third claims in the petition are unexhausted. Respondent reasons that Petitioner's sole habeas filing in the California Supreme Court was denied with a citation to Swain and Duvall. As will be discussed below, those cases stand for the proposition that the state petition was not presented with sufficient particularity for the state supreme court to rule on the merits of the claims. Accordingly, Respondent reasons that Petitioner could have returned to the California Supreme Court with a more specific petition and received a decision on the merits, which would have exhausted those two claims. However, because Petitioner did not pursue his claims further in state court, by submitting more specific claims, they remain unexhausted. The Court agrees with Respondent's reasoning.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S. Ct. 2546 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509 (1971); Anderson v. Harless, 459 U.S. 4, 6, 103 S. Ct. 276 (1982)("[A] habeas petitioner must fairly present to the state courts the substance of his federal habeas corpus claim."); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513

U.S. 364, 365, 115 S. Ct. 887 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 8-9, 112 S.Ct. 1715 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 420, 432-434, 120 S. Ct. 1479 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-366; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons, 232 F.3d at 668-669.

When Petitioner presented his claims to the California Court of Appeal, Fifth Appellate District ("5th DCA"), that court denied without prejudice the two claims as follows:

> "Petitioner has failed to present sufficient facts contradicting trial counsel's declaration regarding the possible testimony of Juanita Flores. Petitioner has failed to provide a declaration from Juanita Flores or explain why such a declaration should not be required. On

1   the "Acquittal First" issue, petitioner has failed to show that he filed in federal courts arguing
2   he should be excused from exhausting his state appeal remedy because appellate counsel was ineffective and that he raised the issue in petitions for writ of habeas corpus."

3 (LD 8).

4 When Petitioner presented these same two claims to the California Supreme Court, that court

5 rejecting them, citing <u>Duvall</u> and <u>Swain</u> as the basis for the denial. (LD 10.). Under California law,

6 a citation to <u>Duvall</u> indicates that a petitioner has failed to state his claim with sufficient particularity

7 for the state court to examine the merits of the claim, and/or has failed to "include copies of

8 reasonably available documentary evidence supporting the claim, including pertinent portions of trial

9 transcripts and affidavits or declarations." <u>Duvall</u>, 9 Cal.4th at 474.

10 In <u>Kim v. Villalobos</u>, 799 F.2d 1317, 1319 (9th Cir. 1986), the Ninth Circuit considered a

11 state petition denied with a citation to <u>Swain</u>. Like <u>Duvall</u>, a citation to <u>Swain</u> stands for the

12 proposition that a petitioner has failed to state his claim with sufficient particularity. In <u>Kim</u>, the

13 Ninth Circuit found that the <u>Swain</u> citation indicated that the claims were unexhausted because their

14 pleading defects, i.e., lack of particularity, could be cured in a subsequent renewed petition. <u>Kim</u>,

15 799 F.2d at 1319.

16 However, in <u>Kim</u>, the Ninth Circuit also stated that it was "incumbent" on the district court,

17 in determining whether the federal standard of "fair presentation" of a claim to the state courts had

18 been met, to independently examine Kim's petition to the California Supreme Court. <u>Id.</u> at 1320.

19 "The mere recitation of <u>In re Swain</u> does not preclude such review." <u>Id.</u> Indeed, the Ninth Circuit

20 has held that where a prisoner proceeding pro se is unable to meet the state rule that his claims be

21 pleaded with particularity, he may be excused from complying with it. <u>Harmon v. Ryan</u>, 959 F.2d

22 1457, 1462 (9th Cir. 1992)(citing <u>Kim</u>, 799 F.2d at 1321). "Fair presentation" requires only that the

23 claims be pleaded with as much particularity as is practicable. <u>Kim</u>, 799 F.2d at 1320.

24 Because <u>Swain</u> and <u>Duvall</u> stand for the same proposition, and applying the principles set

25 forth in <u>Kim</u>, this Court will review Petitioner's habeas petition filed in the California Supreme

26 Court to determine whether his claim or claims were "fairly presented" under federal exhaustion

27 standards.

28 ///

A review of the petition filed by Petitioner in the California Supreme Court shows that the Ground Two is lacking in specificity for precisely those reasons outlined by the 5th DCA, i.e., Petitioner is relying on a redacted Public Defender's office investigator's report indicating the investigator contacted Flores and that she had agreed that Petitioner was at her house at the time the crime occurred. Flores told the investigator she would contact him at a later date with more information on an individual who had witnessed the crime. (LD 9, Exh. A). However, as the 5th DCA observed, Petitioner failed to provide any other documentation supporting his claim that Flores would have provided him with an alibi at trial, e.g., a declaration from Flores, or an explanation why he could not obtain a declaration from Flores. (LD 8). Additionally, it appears that the 5th DCA had received a declaration from Petitioner's trial counsel regarding why she disregarded the potential alibi information and the 5th DCA noted that Petitioner had failed to present sufficient facts to contradict his trial counsel's explanations. (Id.). Essentially, the 5th DCA gave Petitioner a blueprint for how to make his habeas claim more specific such that the 5th DCA would address the merits of the claim. However, instead of filing a more specific claim, he proceeded to the California Supreme Court with the same defective claim, and was denied, as mentioned, with citations to Swain and Duvall. In sum, this Court agrees with the 5th DCA and the California Supreme Court that the claim, as framed and presented in state court, lack sufficient specificity for the state courts to address it. Because Petitioner could have returned with a more specific claim, it was not exhausted in state court. Kim, 799 F.2d at 1319.

As to Ground Three, this is in reality a hybrid claim, contending both that the trial court erred in instructing the jury on the "acquittal first" rule and appellate counsel failed to provide effective assistance because the claim was not raised in Petitioner's direct state appeal. As such, the California Supreme Court could have rejected the claim because, in attempting to raise several issues within one claim, it did not state either claim with sufficient specificity to permit a decision on the merits.

Accordingly, in the Court's view, the subsequent denial by the California Supreme Court under Swain and Duvall for lack of specificity was entirely appropriate. Following that logic, because Petitioner was given the opportunity to correct those deficiencies at both the intermediate

and supreme court level in his state collateral proceedings, but failed to avail himself of that opportunity, he has failed to exhaust Grounds Two and Three in the state court. Kim, 799 F.2d at 1319.

The Court cannot entertain a petition containing both exhausted and unexhausted claims, i.e., a "mixed" petition. Rose, 455 U.S. at 522. Because the instant petition contains both exhausted and unexhausted claims, it is a "mixed" petition. Accordingly, the Court will afford Petitioner the option to withdraw the unexhausted claims or, alternatively, have the entire petition dismissed in order for Petitioner to return to state court to fully exhaust his claims.

## RECOMMENDATIONS

Accordingly, the Court RECOMMENDS that Respondent's motion to dismiss the petition for writ of habeas corpus (Doc. 13), be GRANTED because it contains unexhausted claims.[2]

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Petitioner may, at his option, move to withdraw the unexhausted claims within twenty (20) days of the date of service of these findings and recommendations and proceed with only the exhausted claim. **Petitioner is forewarned that no extensions of time to move to withdraw such claims will be granted.** If Petitioner fails to withdraw the unexhausted claims within the 20-day deadline, the findings and recommendations will be submitted to the District Judge for dismissal of the entire petition. Rose, 455 U.S. at 520. This dismissal will not bar Petitioner from returning to

---

[2] A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred from returning to federal court after Petitioner exhausts available state remedies by 28 U.S.C. § 2244 (b)'s prohibition on filing second petitions. See In re Turner, 101 F.3d 1323 (9th 1996). However, the Supreme Court has held that:

> [I]n the habeas corpus context it would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims. See Fed. Rules Civ. Proc. 41(a) and (b). Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court. The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).

Slack v. McDaniel, 529 U.S. 473, 489, 120 S. Ct. 1595 (2000). Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.

federal court after exhausting available state remedies. However, this does not mean that Petitioner will not be subject to the one year statute of limitations imposed by 28 U.S.C. § 2244(d). Although the limitation period is tolled while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it is not tolled for the time an application is pending in federal court. Duncan v. Walker, 533 U.S.167, 181-182, 121 S. Ct. 2120 (2001).

Within twenty (20) days after being served with a copy of these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within eleven (11) days after service of the objections. **Petitioner and Respondent are forewarned that no extensions of time to file objections or replies will be granted.** The District Judge will review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 10, 2009**              **/s/ Theresa A. Goldner**
                                        UNITED STATES MAGISTRATE JUDGE