UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEMENTE VILLEGAS BARRERA,<br><br>Petitioner,<br><br>v.<br><br>DEBRA DEXTER, Warden,<br><br>Respondent. | Case No.: 1:08-cv-00062-LJO-JLT<br><br>ORDER REQUIRING PETITIONER TO SUBMIT AN AMENDED PETITION<br><br>**THIRTY DAY DEADLINE**<br><br>ORDER DIRECTING CLERK OF THE COURT TO SEND PETITIONER A FORM FOR FILING HABEAS CORPUS PETITION PURSUANT TO 28 U.S.C. § 2254 |

Petitioner is a state prisoner proceeding through retained counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## PROCEDURAL HISTORY

Petitioner filed the instant federal petition on January 2, 2008, raising three claims for relief: (1) denial of constitutional rights when given a consecutive sentence based on facts not found beyond a reasonable doubt by a jury pursuant to <u>Blakely v. Washington</u>, 542 U.S. 296 (2004); (2) ineffective assistance of trial counsel in failing to investigate potential alibi witness evidence;[1] and (3) error in instructing the jury on an "acquittal first" rule and in appellate counsel's failure to raise this issue on

---

[1] Petitioner claims that his ex-sister-in-law, Juanita Flores, was prepared to provide Petitioner with an alibi, that this information was known to trial counsel, but that counsel did not pursue an investigation of Ms. Flores' potential testimony, thereby providing ineffective assistance.

1

appeal. (Id.). After the Court ordered Respondent to file a response to the petition, Respondent, on April 3, 2008, filed a motion to dismiss the petition as containing unexhausted claims. (Doc. 13). Respondent contended that grounds two and three had not been exhausted. On February 11, 2009, the Court agreed and filed Findings and Recommendations to dismiss the petition as containing unexhausted claims. (Doc. 17). The Findings and Recommendations was adopted by the Court on March 13, 2009, and judgment was entered that date dismissing the petition. (Doc. 18).

Petitioner subsequently appealed the dismissal to the Ninth Circuit, which, on May 29, 2012, ruled that while ground two was unexhausted, ground three had been sufficiently exhausted in state court. (Doc. 35). On September 6, 2012, the Ninth Circuit issued its mandate and, accordingly, remanded the case to this Court for further proceedings in light of its ruling. (Doc. 44).

Because the Ninth Circuit has ruled that ground two is unexhausted, the Court will permit Petitioner thirty days within which to file an amended petition dismissing the unexhausted ground two and requesting to proceed on the exhausted grounds, i.e., grounds one and three. Following receipt of Petitioner's motion and amended petition, the Court will order Respondent to file a response to the remaining two claims.

Accordingly, it is HEREBY ORDERED that:

1. Petitioner is GRANTED thirty (30) days from the date of service of this Order to SUBMIT an AMENDED PETITION that contains only exhausted grounds, e.g., grounds one and three, and that omits the unexhausted ground two.

2. The Clerk of the Court is DIRECTED to send Petitioner a blank form petition for petitioners filing pursuant to 28 U.S.C. § 2254.

Petitioner is forewarned that his failure to comply with this Order may result in an Order of Dismissal or a Recommendation that the petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **October 10, 2012**          **/s/ Jennifer L. Thurston**
                                       UNITED STATES MAGISTRATE JUDGE