1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**

9          **EASTERN DISTRICT OF CALIFORNIA**

10

11   CLEMENTE VILLEGAS BARRERA,        )   Case No.: 1:08-cv-00062  LJO JLT (HC)
                                       )
12              Petitioner,            )   FINDINGS AND RECOMMENDATION TO
                                       )   DENY FIRST AMENDED PETITION FOR WRIT
13        v.                           )   OF HABEAS CORPUS (Doc. 46)
                                       )
14   CONNIE GIPSON,                    )
                                       )   ORDER DIRECTING THAT OBJECTIONS BE
15              Respondent.            )   FILED WITHIN 21 DAYS
                                       )
16   _____  )

17          Petitioner Clemente Villegas Barrera is a state prisoner proceeding *in propria persona* with a

18   petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

19                        **PROCEDURAL HISTORY**

20          Petitioner is in the custody of the California Department of Corrections and Rehabilitation. On

21   March 17, 2004, a jury convicted Petitioner of one count of premeditated attempted murder, two

22   counts of assault with a firearm, one count of shooting at an occupied motor vehicle, one count of

23   possession of a firearm by a felon and one count of brandishing a firearm at a person in a motor

24   vehicle.  (Lodged Document ("LD") 3)**.**  For these convictions, Petitioner was sentenced to life with

25   the possibility of parole for the first count and this sentence was enhanced by 20 years for the

26   "weapons use and discharge allegations," and he was sentenced to a term of three years for the assault

27   with the firearm plus one year for the prior prison term and four years added for the firearm

28   enhancement.  (Doc. 46 1t 1-2)  This term was ordered to be served consecutively to the other

                                        1

sentence. Id.

In this petition, Petitioner argues the trial court erred in imposing the consecutive sentences because this decision was based on facts not decided by the jury. He argues also was deprived of his right to the assistance of appellate counsel due to her failure to assert the ineffectiveness of trial counsel when she failed to object to the court instructing the jury using the "acquittal first" instruction set forth in CALJIC 17.10 related to lesser included offenses. For the reasons set forth below, the Court recommends the petition be **DENIED**.

## **FACTUAL BACKGROUND**

The Court adopts the following Statement of Facts as contained in the Opinion of the 5th District Court of Appeal:

> Ignacio Hernandez lived with Velia Barrera, appellant's estranged wife.[1] On September 5, 2003, at 6:00 a.m. while Hernandez was driving to work, a white car pulled up along side of him on his left and the occupant motioned for him to stop. Hernandez partially opened his window. The other driver yelled through his open passenger window "[D]o you remember?" and fired two shots at Hernandez.
> Hernandez estimated the distance between the shooter and himself to be four or five feet. Neither shot struck Hernandez, but his driver's side window and the windshield shattered. Hernandez recognized the driver's voice as belonging to appellant, whom he had met once and spoken to a number of times on the telephone. Appellant had told Hernandez in the past that Velia Barrera was his wife and she would never belong to anyone else.
> Immediately after the shooting, Hernandez drove back to the house. Velia Barrera, who had heard the gunshots, was in front of the house. While Hernandez and Velia Barrera were outside, appellant drove up, shouted "[Velia Barrera] was his and no one else's," and pointed his gun at both of them. Appellant left three or four minutes later without firing any shots.
> It was stipulated for purposes of count 5, felon in possession of a firearm, that appellant had suffered a prior felony conviction.

Defense

> Appellant testified that when he discovered in March or April of 2003 that his wife was having an affair with Hernandez, he told her to go live with him. According to appellant, he paid the rent on the house where Hernandez and Velia Barrera were living and he bought for her the car that Hernandez was driving when the charged event occurred. Even though his wife was living with Hernandez, she and appellant saw each other frequently and he continued to be intimate with her. He denied making any threats toward Hernandez on the telephone and claimed no animosity toward him.
> On the morning of the shooting, appellant was waiting for a call from Velia Barrera, who was going to meet him at a hotel room. She called him between 6:30 and 6:35 a.m. and told him to come and get her because Hernandez had left for the day. Appellant, driving a white car borrowed from a friend, drove to the house where he saw

---

[1] FN4. Appellant and Ms. Barrera are married but have not lived together for five or six years.

1   Hernandez and Velia Barrera fighting in the front yard. Appellant claimed they were struggling over a rifle or shotgun. When appellant yelled at them to stop, they did, and when Velia Barrera asked him to leave, he did. After he left, he called Velia Barrera every five to ten minutes to make sure she was okay. He claimed he took her to a hotel later that day.

Sometime before the shooting, Velia Barrera had asked him for money to fix the windshield of her car.

LD 3.

## DISCUSSION

### I.    Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n. 7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. The challenged conviction arises out of the Fresno County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 28 U.S.C.§ 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997), cert. denied, 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1500 (9th Cir. 1997), cert. denied, 520 U.S. 1107 (1997), overruled on other grounds by Lindh v. Murphy, 521 U.S. 320 (holding the AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

### II.    Legal Standard of Review

A petition for writ of habeas corpus under 28 U.S.C. § 2254(d) will not be granted unless the petitioner can show that the state court's adjudication of the petitioner's claim:

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Lockyer v. Andrade, 538 U.S. 63, 70-71 (2003); Williams v. Taylor, 529 U.S. at

3

1    412-413.

2           A state court decision is "contrary to" clearly established federal law "if it applies a rule that

3    contradicts the governing law set forth in [the Supreme Court's] cases, or "if it confronts a set of facts

4    that is materially indistinguishable from a [Supreme Court] decision but reaches a different result."

5    Brown v. Payton, 544 U.S. 133, 141 (2005), citing Williams v. Taylor, 529 U.S. 326, 405-406 (2000).

6    A state court decision involves an "unreasonable application" of clearly established federal law "if the

7    state court applies [the Supreme Court's precedents] to the facts in an objectively unreasonable

8    manner." Id., quoting Williams, 529 U.S. at 409-410; Woodford v. Visciotti, 537 U.S. 19, 24-25

9    (2002)(per curiam).

10          Consequently, a federal court may not grant habeas relief simply because the state court's

11   decision is incorrect or erroneous; the state court's decision must also be objectively unreasonable.

12   Wiggins v. Smith, 539 U.S. 510, 511 (2003) (citing Williams v. Taylor, 529 U.S. at 409). In

13   Harrington v. Richter, 562 U.S. ___ , 131 S.Ct. 770 (2011), the U.S. Supreme Court explained that an

14   "unreasonable application" of federal law is an objective test that turns on "whether it is possible that

15   fairminded jurists could disagree" that the state court decision meets the standards set forth in the

16   AEDPA. If fairminded jurists could so disagree, habeas relief is precluded. Richter, 131 S.Ct. at 786.

17          As the Supreme Court of the United States has noted, AEDPA's standard of "contrary to, or

18   involv[ing] an unreasonable application of, clearly established Federal law" is "difficult to meet,"

19   because the purpose of AEDPA is to ensure that federal habeas relief functions as a "'guard against

20   extreme malfunctions in the state criminal justice systems,'" and not as a means of error correction.

21   Richter, 131 S.Ct. at 786, (quoting Jackson v. Virginia, 443 U.S. 307, 332, n. 5 (1979) (Stevens, J.,

22   concurring in judgment)). The Supreme Court has "said time and again that 'an unreasonable

23   application of federal law is different from an incorrect application of federal law.'" Cullen v.

24   Pinholster, 131 S.Ct. 1388, 1410-11 (2011). Thus, a state prisoner seeking a writ of habeas corpus from

25   a federal court "must show that the state court's ruling on the claim being presented in federal court was

26   so lacking in justification that there was an error well understood and comprehended in existing law

27   beyond any possibility of fairminded disagreement." Richter, 131 S.Ct. at 787-788.

28

4

To determine whether habeas relief is available under § 2254(d), the federal court looks to the last reasoned state court decision as the basis of the state court's decision. *See* Ylst v. Nunnemaker, 501 U.S. 979, 803 (1991); Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).  Where the state court decided the petitioner's claims on the merits but provided no reasoning for its decision, the federal habeas court conducts "an independent review of the record...to determine whether the state court [was objectively unreasonable] in its application of controlling federal law." Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2002); *see* Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). "[A]lthough we independently review the record, we still defer to the state court's ultimate decisions." Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002). Where the state court denied the petitioner's claims on procedural grounds or did not decide such claims on the merits, the deferential standard of the AEDPA do not apply and the federal court must review the petitioner's claims de novo. Id.

The prejudicial impact of any constitutional error is assessed by asking whether the error had "a substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 623 (1993); *see also* Fry v. Pliler, 551 U.S. 112, 119-120 (2007) (holding that the Brecht standard applies whether or not the state court recognized the error and reviewed it for harmlessness). Some constitutional errors, however, do not require that the petitioner demonstrate prejudice. *See* Arizona v. Fulminante, 499 U.S. 279, 310 (1991); United States v. Cronic, 466 U.S. 648, 659 (1984). Furthermore, where a habeas petition governed by the AEDPA alleges ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984), the Strickland prejudice standard is applied and courts do not engage in a separate analysis applying the Brecht standard. Avila v. Galaza, 297 F.3d 911, 918 n. 7 (9th Cir. 2002); Musladin v. Lamarque, 555 F.3d 830, 835 (9th Cir. 2009).

## III.    Review of Petitioner's Claims

In his instant petition, Petitioner alleges the following as grounds for relief: (1) the trial court erred in sentencing him to consecutive sentences based upon facts not determined by the jury; and (2) appellate counsel provided ineffective assistance when she failed to raise trial counsel's failure to object to the trial court giving CALJIC No. 17.10.  As discussed below, the Court rejects all of Petitioner's claims and recommends the petition be denied with prejudice.

///

### A.      Consecutive sentences

Petitioner contends that the trial court erred in imposing consecutive sentences based upon facts not admitted by him or determined by the jury beyond a reasonable doubt. This contention is without merit.

### 1.      The opinion of the Court of Appeal

The Fifth District Court of Appeal rejected Petitioner's claim related to the consecutive sentences as follows:

> Relying on United States v. Booker (2005) 543 U.S. 220 [125 S.Ct. 738], Blakely v. Washington, supra, 542 U.S. 296 [124 S.Ct. 2531], and Apprendi v. New Jersey (2000) 530 U.S. 466, appellant contends the trial court violated his Sixth Amendment right to trial by jury by imposing consecutive terms based on factors not admitted by appellant or found to be true by the jury beyond a reasonable doubt. The California Supreme Court recently undertook an extensive analysis of these cases and concluded that the imposition of consecutive sentences, as provided under California law, is  constitutional. (People v. Black (2005) 35 Cal.4th 1238, 1244.) Accordingly, appellant's contention fails.

LD 3.

### 2.      Federal Standard related to court's imposing consecutive terms

A criminal defendant is entitled to a trial by jury and to have every element necessary to sustain his conviction proven by the state beyond a reasonable doubt. U.S. Const. Amends. V, VI, XIV.  In Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), the United States Supreme Court held that the Due Process Clause of the Fourteenth Amendment requires any fact other than a prior conviction that "increases the penalty for a crime beyond the prescribed statutory maximum" to be "submitted to a jury and proved beyond a reasonable doubt." Similarly, in Blakely v. Washington, 542 U.S. 296, 303–04 (2004), the Supreme Court decided that a defendant in a criminal case is entitled to have a jury determine, beyond a reasonable doubt, any fact that increases the statutory maximum sentence, unless the fact was admitted by the defendant or was based on a prior conviction. Likewise, in Cunningham v. California, 549 U.S. 270, 288–93 (2007), the Supreme Court held that California's Determinate Sentencing Law violates a defendant's right to a jury trial to the extent it permits a trial court to impose an upper term based on facts found by the court rather than by a jury. In response to Cunningham, the California Legislature amended California Penal Code § 1170(b) to vest sentencing courts with the discretion to impose any of the three sentencing tiers by stating the reasons therefore

but without requiring factual findings. <u>People v. Sandoval</u>, 41 Cal.4th 825, 843–45 (2007). In doing so, the Legislature made the upper term the maximum term under California law. <u>Id</u>.

Later, in <u>Oregon v. Ice</u>, 555 U.S. 160 (2009), the Court held that judges have discretion to determine whether sentences are imposed consecutively or concurrently under the rules announced in <u>Apprendi</u> and <u>Blakely</u>. The Court found that "[t]he decision to impose sentences consecutively is not within the jury function that 'extends down centuries into the common law.'" <u>Id</u>. at 717 (quoting <u>Apprendi</u>, 530 U.S. at 477). Instead, "specification of the regime for administering multiple sentences has long been considered the prerogative of state legislatures." <u>Id</u>. Thus, the Supreme Court declined to extend the holding in <u>Apprendi</u> to the determination of whether sentences should run concurrently or consecutively.  Instead, the Court held that the Sixth Amendment does not prohibit states from assigning to judges the task of finding facts necessary to impose consecutive rather than concurrent sentences. See <u>id</u>. at 164.

Given this authority set forth by the United States Supreme Court, it is clear that the state court's determination was not contrary to established federal law and Petitioner's claim fails.  Thus, the Court recommends the petition be **DENIED**.

### A.    Ineffective assistance of appellate counsel

Petitioner contends that his appellate counsel was ineffective for failing to assert that his trial attorney failed to object to a particular jury instruction.  As in the previous grounds, this contention too is without merit.

### 1.    Superior Court opinion

The Tulare County Superior Court rejected Petitioner's claim he received ineffective assistance of appellate counsel both on failure to state a claim upon which relief could be granted and on failure to file his writ in a timely manner as follows[2]:

> Petitioner claims that the reason for his failure to raise the issue was that his appellate counsel failed to raise that issue and that failure amounted to ineffective assistance of counsel.
>
> Petitioner correctly states the standard for review as to whether an [sic] a defendant received ineffective counsel.  That standard is (1) was counsel's performance deficient under an objective standard of professional reasonableness and (2) was petitioner

---

[2] The Superior Court determined also that Petitioner failed to provide "adequate and proper notice."  LD 6.

prejudiced such that, but for counsel's failure, there would have been a more favorable outcome.

Petitioner claims that giving CALJIC 17.10 violated his constitutional rights of due process and equal protection. He further states that it was a miscarriage of justice. He cites rulings by the Georgia and Arizona Supreme Courts to support his position. Arizona and Georgia laws are not controlling in the State of California. The giving of CALJIC 17.10 in the petitioner's case was appropriate and correct.

A jury may not convict a defendant of a lesser-included offense unless they have acquitted the petitioner or [sic] the greater or charged offense. That is the law in the State of California. Had his attorney filed an appeal on that issue there is every likelihood that it would have been denied and the appeal would have failed. Therefore, there is no ineffective assistance of counsel.

There is nothing in the petitioner's writ, which amounts to a prima facie showing of cause to grant the relief requested.

Accordingly, petitioner's petition for Writ of Habeas Corpus is denied.

(LD 6)

### 2.   Federal standard for ineffective assistance of counsel

Effective assistance of appellate counsel is guaranteed by the Due Process Clause of the Fourteenth Amendment. Evitts v. Lucey, 469 U.S. 387, 391-405 (1985). Claims of ineffective assistance of appellate counsel are reviewed according to Strickland's two-pronged test. Miller v. Keeney, 882 F.2d 1428, 1433 (9th Cir.1989); United States v. Birtle, 792 F.2d 846, 847 (9th Cir.1986).

First, a petitioner must establish that appellate counsel's deficient performance fell below an objective standard of reasonableness under prevailing professional norms. Strickland, 466 U.S. at 687-88. Second, a petitioner must establish he suffered prejudice in that there was a reasonable probability that, but for counsel's unprofessional errors, he would have prevailed on appeal. Id. at 694. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome of the appeal. Id. The relevant inquiry is not what counsel could have done; rather, it is whether the choices made by counsel were reasonable. Babbitt v. Calderon, 151 F.3d 1170, 1173 (9th Cir.1998).

With the passage of the AEDPA, habeas relief may only be granted if the state-court decision unreasonably applied this general Strickland standard for ineffective assistance. Knowles v. Mirzayance, 556 U.S. 111, 122 (2009). Moreover, in evaluating counsel's performance, courts are obligated to be highly deferential to the decisions and tactics employed. Strickland, 466 U.S. at 689.

Initially, the Court notes that the Tulare County Superior Court of Fresno County properly

applied <u>Strickland</u> to Petitioner's claim.  Thus, the only question is whether, having applied the correct

test, the state court's application of <u>Strickland</u> was objectively unreasonable. <u>Schriro v. Landrigan</u>, 550

U.S. at 473. The Court concludes that it was not.

Courts agree that a trial court does not err when instructing jurors that they must acquit the

defendant of the charged offense before the court can accept a guilty verdict on a lesser-included

offense.  In <u>Dixie v. Ylst</u>, 967 F.2d 585 at *3 (9th Cir. 1992), the Ninth Circuit Court of Appeals

determined,

> This court has held that it is error to reject the defendant's timely request that the jury
> be told to consider the lesser-included offense if unable after reasonable effort to reach
> a verdict on the greater offense, a so-called "disagreement" instruction. <u>United States v.
> Jackson</u>, 726 F.2d 1466, 1469 (1984). However, either the acquittal-first or the
> disagreement instruction may be employed if the defendant expresses no choice. <u>Id</u>.
> Here, there is no indication in the record that petitioner requested the "disagreement"
> instruction. Thus, the district court did not err in instructing the jury pursuant to
> CALJIC 8.75.[3]

In <u>Townsend v. Knowles</u>, 2006 WL 1062087 at *10 (E.D. Cal. Apr. 21, 2006), this Court held,

> States enact criminal law and have a corresponding interest in enforcing it. <u>Sparf v.
> United States, 156 U.S. 51</u> (1895). Once the state charges a crime and an accused
> exercises his right to a jury trial, federal due process requires the state to prove each
> fact constituting the offense charged beyond a reasonable doubt, <u>In re: Winship</u>, 397
> U.S. 358 (1970), and under the Sixth Amendment, the jury determines the facts and the
> judge determines and instructs the jury to follow the applicable law. <u>Sparf</u>, 156 U.S. at
> 105-106. In this scheme, a jury cannot consider acquittal or lesser included offenses
> independently of the offense charged without disregarding the law. The judge's
> instruction violated none of petitioner's constitutional rights.

<u>Townsend</u> referred to the California Supreme Court's determination in <u>People v. Kurtzman</u>, 46 Cal.3d

322, 332 (1998) which held, "acquittal of the greater offense before returning a verdict on the lesser

included offense represents an appropriate balancing of interests."

Based upon the state of the law, the Court does not find that appellate counsel's failure to raise

the "acquittal first" instructional issue was unreasonable.  Notably, appellate counsel is required to

"press nonfrivolous points" but is not required to press every nonfrivolous point urged by the client.

<u>Jones v. Barnes</u>, 463 U.S. 745, 751 (1983).  Moreover, an appellate attorney has no obligation to raise

---

[3] CALJIC 8.75 contains the same "acquittal first" language as CALJIC 17.10 and reads in part, "The court cannot accept a verdict of guilty of [voluntary] [or] [involuntary] manslaughter unless the jury also unanimously finds and returns a signed not guilty verdict form as to both murder of the first degree and murder of the second degree.]"

frivolous issues or those which have little chance of succeeding.  Indeed, "[i]n many instances, appellate counsel will fail to raise an issue because she foresees little or no likelihood of success on that issue; indeed, the weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy."  <u>Miller v. Keeney</u>, 882 F.2d 1428, 1434 (9th Cir. 1989).  The <u>Miller</u> Court continued,

> Like other mortals, appellate judges have a finite supply of time and trust; every weak issue in an appellate brief or argument detracts from the attention a judge can devote to the stronger issues, and reduces appellate counsel's credibility before the court. For these reasons, a lawyer who throws in every arguable point—"just in case"—is likely to serve her client less effectively than one who concentrates solely on the strong arguments. [Footnote] Appellate counsel will therefore frequently remain above an objective standard of competence (prong one) and have caused her client no prejudice (prong two) for the same reason—because she declined to raise a weak issue. Such is the case here.

<u>Id.</u>, footnote omitted.  Thus, the Court does not find that appellate counsel's performance in the direct appeal fell below an objective standard of reasonableness.  For the same reasons, the Court does not find Petitioner suffered any prejudice due to counsel's failure to raise this issue.  Importantly, Petitioner does not make any such claim here and the mere fact that this failure would preclude federal court review, is insufficient.  Losing a right to federal court review when a petitioner lacks a meritorious issue, is no loss at all.

Thus, because there was no reasonable probability that raising this issue on direct appeal would have succeeded and no prejudice resulted therefrom, the decision of the Tulare County Superior Court was not contrary to or an unreasonable application of clearly established federal law.  Therefore, the petition is recommended to be **DENIED**.

## RECOMMENDATION

Accordingly, the Court **RECOMMENDS** that Petitioner's First Amended Petition for Writ of Habeas Corpus (Doc. 46), be **DENIED** with prejudice on its merits.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 21 days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned

1    "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be

2    served and filed within 10 court days after service of the Objections.  The Court will then review the

3    Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to

4    file objections within the specified time may waive the right to appeal the Order of the District Court.

5    <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

6

7    IT IS SO ORDERED.

8        Dated:   **December 27, 2013**              **/s/ Jennifer L. Thurston**

9                                                    UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28